Deadeeick, J.,
delivered the opinion of the court.
The plaintiff, Jones, sued the administrator of R. B. Brown upon a promissory note for |2,000. Several pleas were filed, and witnesses on both sides were • introduced. At the trial, at the September term, 1871, verdict and judgment were for the plaintiff for only $450, and' he has appealed to this court.
The record shows that the counsel for the plaintiff offered to introduce M. W. Jones, the plaintiff, as a witness, to which the defendant objected, and that the objection was sustained by the court, and the witness not allowed to testify; to which ruling of the court the plaintiff excepted.
By sec. 3813, c, of Thompson & Steger’s Statutes, *339 no person is incompetent as a witness in a suit, because interested in, or a party to, it.
By sec. 3813, d, in actions by or against administrators, etc., neither party shall allowed to testify against the other as to any transaction with, or statement by, the intestate, etc.
By this section, a party is a competent witness to testify as to any fact in the case, except those specified. Jones was therefore a competent witness as to every other fact than transactions with, or statements by, the intestate; and it was error wholly to reject him as a witness, as was done by the court.
Eor this error the judgment must be reversed.